IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTONIO BERTUCCI,<br><br>Defendant. | **8:19CR169**<br><br>**ORDER ON APPEARANCE FOR SUPERVISED RELEASE VIOLATION** |

The defendant appeared before the Court on March 10, 2026 regarding Second Amended Petition for Offender Under Supervision [99].  Jeffrey Thomas represented the defendant.  Mikala Purdy-Steenholdt represented the government.   The defendant was advised of the alleged violation(s) of supervised release, right to retain or appointment of counsel, and any right to a preliminary hearing in accordance with Federal Rule of Criminal Procedure 32.1(a)(3).

The government made an oral motion to dismiss Amended Petition for Offender Under Supervision [93] and Petition for Offender Under Supervision [81].  The government's oral motion to dismiss Amended Petition for Offender Under Supervision [93] and Petition for Offender Under Supervision [81] is granted without objection.

The defendant freely, knowingly, intelligently, and voluntarily waived the right to a preliminary hearing.  Fed. R. Crim. P. 32.1(b)(1)(A).  The Court finds probable cause as alleged in the petition to believe the defendant violated the terms of supervised release and the defendant should be held to answer for a final dispositional hearing.  Fed. R. Crim. P. 32.1(b)(1)(C).  The defendant shall appear personally for a final dispositional hearing before U.S. District Judge Brian C. Buescher in Courtroom No. 5, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska, at 9:00 a.m. on April 23, 2026.

The government moved for detention based upon risk of flight and danger.  The defendant submitted on the issue of detention.  The court finds that the defendant failed to meet his burden to establish by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community.  Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143(a)(1).   The government's motion for detention is granted as to risk of flight and danger and the defendant shall be detained until further order of the Court.

The defendant shall be committed to the custody of the Attorney General or designated representative for confinement in a correctional facility and shall be afforded a reasonable opportunity for private consultation with defense counsel.  Upon order of a United States court or upon request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

**IT IS SO ORDERED**.

Dated this 10th day of March, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge

2